[Civ. No. 11217. Second Appellate District, Division Two.—February 10, 1937.]

BANK OF AMERICA NATIONAL TRUST & SAVINGS ASSOCIATION (a National Banking Association), Respondent, v. CENTURY LAND & WATER COMPANY (a Corporation) et al., Defendants; C. C. MERRILL, Appellant.

Alex W. Davis and Call & Murphey for Appellant.

Edmund Nelson, Howard Waterman, Freston & Files, Ralph E. Lewis and Louis Ferrari for Respondent.

WOOD, J.—Plaintiff bank commenced this action to obtain a deficiency judgment after a sale by foreclosure of a trust deed given to secure the payment of a promissory note in the sum of $27,500. The maker of the note and various

endorsers were made parties defendant. Upon a separate appeal by plaintiff we have this day decided that plaintiff is entitled to an increased judgment against all the defendants except defendant Merrill. In the present appeal defendant Merrill appeals from the judgment, making the point, among others, that he was not served with notice of dishonor as required by law.

The note in question was executed August 25, 1930. On July 11, 1934, plaintiff gave written notice of dishonor by mail to various defendants. The letter addressed to defendant C. C. Merrill was enclosed in a sealed envelope, addressed to him at 2277 West 23rd Street, Los Angeles, with two cents ordinary postage and the proper registry postage prepaid thereon and was mailed as a registered letter with the instruction endorsed on the envelope that it should be delivered to the addressee only. The letter was returned to plaintiff by the postoffice department on July 24, 1934, with endorsement on the envelope showing that it had been readdressed by the Los Angeles postoffice to "622 North Arden, Beverly Hills, California", that it had been marked "Due 1c", had been forwarded from the Los Angeles postoffice to the Beverly Hills postoffice on June 12th, had been marked "Unclaimed, Return to Writer" and had been dispatched from the Beverly Hills postoffice to the Los Angeles postoffice on June 23, 1934. The Los Angeles city directory current at the time of the mailing showed a business address of Charles C. Merrill at "727 West 7th Street, Los Angeles" and a residence address of Charles C. Merrill "Beverly Hills". The directory did not contain the name of any other C. C. Merrill. The official in charge of the division of registered letters of the Los Angeles postoffice testified that if a letter is registered without restriction it is delivered to any authorized person at the residence, but if a letter is registered and delivery restricted to the addressee only and delivery is not made to the addressee personally the letter is returned to the writer; that if delivery of a letter is restricted to the addressee only, delivery cannot be made at his residence to a man having an office in Los Angeles who is away from his home during postal delivery hours unless the addressee personally calls at the postoffice for the letter during postoffice hours.

The trial court found that plaintiff on June 11, 1934, gave written notice of dishonor to each of the defendants. The

court further found that "plaintiff exercised due and reasonable diligence in an effort to learn an address to which letters could be sent with reasonable probability that it would reach the addressee". Appellant contends that this finding is not supported by the evidence and that it is insufficient to support the judgment.

■ An endorser to whom notice of dishonor has not been given in the manner provided by law is discharged from liability. It is a part of the contract of endorsement that the endorser shall be liable only in case notice of dishonor is served upon him. The burden of proof of service of notice of dishonor is upon the party who seeks to enforce the liability of the endorser. (*Utah Const. Co.* v. *Western Pac. Ry. Co.*, 174 Cal. 156 [162 Pac. 631]; *Hurlbut* v. *Quigley*, 180 Cal. 265 [180 Pac. 613].) Section 3189 of the Civil Code provides the manner of serving notice of dishonor. "Where a party has added an address to his signature, notice of dishonor must be sent to that address; but if he has not given such address, then the notice must be sent as follows: (1) Either to the postoffice nearest to his place of residence, or to the postoffice where he is accustomed to receive his letters; or (2) If he live in one place, and have his place of business in another, notice may be sent to either place; or, (3) If he is sojourning in another place, notice may be sent to the place where he is sojourning." ■ Appellant did not add his address to his signature on the note. The notice was not actually received. No evidence was admitted showing that Merrill was sojourning at any place on the date of the mailing. The court made no finding as to the address of Merrill. The finding that plaintiff exercised diligence to learn "an address to which mail could be sent with reasonable probability that it would reach the addressee" is not a finding that plaintiff used diligence to find either the place of business or the residence of appellant.

The finding that the plaintiff "exercised due and reasonable diligence" is not sustained by the evidence. Plaintiff relies upon section 3186 of the Civil Code, which provides: "Where notice of dishonor is duly addressed and deposited in the postoffice, the sender is deemed to have given due notice, notwithstanding any miscarriage in the mails." But the evidence offered affirmatively shows that the letter was

not "duly addressed" and there is a dearth of evidence to show due diligence in addressing it. Plaintiff's witness, an employee of the bank, testified that a list containing names of endorsers of the note was in plaintiff's files and was used in the mailing. On this list the following appears: "C. C. Merrill [Typewritten.] V. P. So. Westn. Portland Cement Co. 727 W. 7th St. 2277 W. 23rd St. [Pencil.]" Apparently the address which was written on the envelope was taken from this pencil notation. One of the employees of the bank testified that she used the current city directory and the current city telephone directory in obtaining addresses for mailing the notices. From the current city directory information was before plaintiff that the only C. C. Merrill listed in the directory was a vice-president of Southwest Portland Cement Co., and his residence was in Beverly Hills. Ordinary diligence would have readily disclosed the proper address to be placed upon the envelope for C. C. Merrill. Plaintiff's own records disclose Merrill's business address and his position with the Southwest Portland Cement Co. The city directory which plaintiff used disclosed his residence address as Beverly Hills. With this information before it plaintiff did not use due diligence in depending upon the pencil notation of the West Twenty-third Street address. Plaintiff did not check directories of any territory outside of the city of Los Angeles. The name of C. C. Merrill did not appear in the current telephone directory of the city of Los Angeles. The language used by the court in *Bank of Utica* v. *Bender,* 21 Wend. (N. Y.) 643, 645 [34 Am. Dec. 281], and quoted in *Garver* v. *Downie,* 33 Cal. 176, is applicable to the present situation: "It is not absolutely necessary that notice should be brought home to the indorser, nor even that it should be directed to his place of residence. It is enough that the holder of a bill makes diligent inquiry for the indorser and acts upon the best information he is able to procure. If, after doing so, the notice fail to reach the indorser, the misfortune falls on him, not the holder. There must be ordinary or reasonable diligence—such as men of business usually exercise when their interest depends upon obtaining correct information. The holder must act in good faith, and not give credit to doubtful intelligence when better could have been obtained." In *Trenton Trust Co.* v. *Hudson Mechani-*

*cal R. Co.*, 212 App. Div. 375 [209 N. Y. Supp. 30], the court said: "Under the provisions of the Negotiable Instruments Law above quoted, where the indorser states no address to which notices should be sent, such notice may be mailed to him at the post office of the city in which he resides or has his place of business. Where, however, the sender goes further and gives a local address, he does so at his peril, if such address should prove to be incorrect, unless it appear that such address was ascertained in the exercise of due diligence to ascertain the correct address." In addressing the letter to the West Twenty-third Street address plaintiff gave "credit to doubtful intelligence when better could have been obtained".

The judgment is reversed as to defendant C. C. Merrill.

McComb, J., *pro tem.*, and Crail, P. J., concurred.